IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JASON L. HOUSTON, | : | PRISONER ACTION |
| Living Natural Man; Alleged | : | |
| Beneficiary/Trustee | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JASON L. HOUSTON SOCIAL | : | CIVIL ACTION NO. |
| SECURITY TRUST AND | : | 1:15-CV-4102-TWT-AJB |
| CESTUI QUE TRUST, | : | |
|     Defendant. | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on submission of the Court's Order entered on December 11, 2015, which required Plaintiff, within thirty days, to submit a properly completed *in forma pauperis* application or to submit the full $400.00 filing and administrative fees. (Order, ECF No. 2.) The undersigned advised Plaintiff that failure to comply with that directive could result in the dismissal of the action. (*Id.* at 3.)

The time period expired on Monday, January 11, 2016, and the matter again is before the Court. Out of an abundance of caution, the Court has allowed Plaintiff additional time, and as of February 24, 2016, the records of the Clerk of Court indicate

that Plaintiff has not submitted the applicable fees or an amended *in forma pauperis* application as ordered and has not otherwise responded.

Under Local Rule 16.5, "[f]ailure to comply with the court's pretrial instructions may result in the imposition of sanctions, including dismissal of the case or entry of a default judgment." LR 16.5, NDGa.  Under Local Rule 41.3 A.(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3 A.(2), NDGa.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.' " *Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  A District Court may exercise this inherent authority and dismiss a case when a party fails to prosecute the case or comply with court orders.  *See id*. at 1240.  A district court generally does not abuse its discretion by ordering that an action be dismissed without prejudice on the grounds that a plaintiff has disregarded a court order, especially when the plaintiff has

2

been forewarned.  *Brown v. Tallahasse Police Dep't*, 205 Fed. Appx. 802, 802 (11th Cir. Nov. 15, 2006).[1]

Here, based on Plaintiff's failure to respond, the undersigned concludes that his complaint should be dismissed without prejudice.  *See  Ellison v. Masters Economy Inns, Inc.*, No. 1:07-cv-66, 2007 WL 2746860, *1 (S.D. Ga. Sept. 19, 2007) (dismissing case without prejudice for failure to pay partial filing fee).

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to obey a lawful Order of this Court.  *See* LR 41.3 A.(2), NDGa.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED** and **DIRECTED**, this 25th day of February, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] A "dismissal with prejudice is a drastic sanction that may be imposed only upon finding a clear pattern of delay or willful contempt and that lesser sanctions would not suffice."  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1340 (11th Cir. 2005).  Unlike a dismissal with prejudice, a dismissal without prejudice is a "lesser sanction" that ordinarily is not governed by the dismissal with prejudice analysis.  *See id.* at 1341.